

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2012

| | | |
|---|---|---|
| IN RE: | § | Case No. 06-32628 |
| BOBBIE JEAN BOYD, MICHAEL LEE | § | Chapter 13 |
| BOYD, | § | |
|     Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION AND ORDER

American Property Locators, Inc., acting through its agent J. Armstrong Duffield, filed two motions to pay unclaimed funds in this chapter 13 case. American Property Locators provides assistance to creditors as a funds locator, discovering unclaimed funds and retrieving them for clients. In this case, American Property Locators sought to recover money for General Electric Company, a creditor of the Debtors through an entity called Finger Furniture. American Property Locators was unaware that several other GE entities had also filed proofs of claim in this bankruptcy case.

American Property Locators filed its first motion to pay unclaimed funds on July 21, 2011. ECF No. 74. The attachments to the motion indicated that the creditor was General Electric. The Court denied the motion on August 22, 2011 for failure to provide sufficient documents to establish the proper entity to receive the funds. ECF No. 79. Because there were several GE entities with claims in this case and at least one of the entities' claims had been transferred to another entity, the documentation was insufficient.

American Property Locators filed an amended motion on October 31, 2011. ECF No. 83. The amended motion identified "Fingers Furniture" as the creditor and stated the claim number and amount. After a hearing, the Court denied the motion with prejudice. ECF No. 89. The Court also issued a show cause order, requiring American Property Locators and Duffield to file a brief no later than January 20, 2012, showing cause why they should not be required to submit all future claims and pleadings through counsel. ECF No. 90. Duffield was additionally ordered to show cause why he should not be prohibited from filing claims as the agent of another party.

Duffield and American Property Locators filed a brief in response to the show cause order on January 18, 2012. Duffield and American Property Locators argue in their brief that filing an application to pay unclaimed funds ordinarily is an administrative function in bankruptcy cases and should not require an appearance through counsel. They acknowledge that these applications, depending on certain complicating factors, may need to be filed by attorneys. This particular bankruptcy case, they admit, involved such factors. As noted above, multiple GE entities filed proofs of claim in this bankruptcy case. One of those claims had been transferred to another entity. This confusion necessitated documentary proof of which claim American Property Locators was trying to collect. Duffield and American Property Locators admit that the amended motion should have been filed by an attorney. However, they argue that the Court should not require American Property Locators to retain attorneys to file motions to pay unclaimed funds in all future cases.

Duffield and American Property Locators argue that the filing of motions to pay unclaimed funds is an administrative function in bankruptcy cases and does not constitute the practice of law.

They cite *State Unauthorized Practice of Law Committee v. Paul Mason & Assocs.*, 46 F.3d 469 (5th Cir. 1995). In *Paul Mason & Assocs.*, the Fifth Circuit held that federal bankruptcy policy preempts state-law rules regarding the unauthorized practice of law. The court cited Fed. R. Bankr. P. 9010(a), which allows parties to appear on their own behalf or to "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." Rule 9010(a) therefore allows creditors to act through agents to perform acts other than practicing law. The court held that filing proofs of claim, monitoring the status of bankruptcy cases, and contacting debtor's counsel to determine whether reaffirmation would be possible were purely administrative acts in the bankruptcy case, not the practice of law.

Lower courts have interpreted Rule 9010(a) to allow property locators to file motions to pay unclaimed funds. In *American Express Centurion Bank v. Hendrix*, for example, a district court in Mississippi allowed American Property Locators to act on behalf of American Express Centurion Bank to recover unclaimed funds. 411 B.R. 539 (N.D. Miss. 2009). The court held that seeking to recover unclaimed funds was administrative because it is not "concerned with determining the rights and obligations of the parties. The rights and obligations of the debtor and creditor have already been resolved, and the process at issue here is simply the process of requesting payment for what has already been allocated to the creditor." *Id.* at 542. Similarly, a district court in Georgia, acknowledging that applications for unclaimed funds frequently were not supported by sufficient documentation, issued a lengthy opinion setting forth guidelines for property locators who file on behalf of creditors. *In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A"*, 341 B.R. 65 (Bankr. N.D. Ga. 2005).

Under the Fifth Circuit's holding in *Paul Mason & Assocs.*, Rule 9010(a) allows American Property Locators to take any action on behalf of a creditor that does not constitute the practice of law. Purely administrative acts, such as a filing a proof of claim, are not the practice of law. The Court follows the reasoning of the *Hendrix* and *Applications for Unclaimed Funds* courts, concluding that the filing of routine motions to pay unclaimed funds is an administrative act, much like the filing of a proof of claim. American Property Locators therefore may file routine motions to pay unclaimed funds through non-attorney agents such as Duffield.

When applications to pay unclaimed funds require consideration of issues that depart from the routine, the Court ordinarily requires additional briefing or sets an oral hearing.

When an application to pay unclaimed funds requires a hearing or further briefing, American Property Locators must be represented by counsel. Although a non-attorney agent may file the initial application, the non-attorney agent may not appear without counsel when a complexity arises. By this test, the Court—not American Property Locators—determines when the representation of counsel is necessary. Accordingly, American Property Locators is prohibited from filing a brief or appearing at any hearing, other than through an attorney.

SIGNED **February 3, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE